Lehman Roy MILLER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. 13751.

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1965.

Sidney White, Oklahoma City, for plaintiff in error.

James H. Harrod, County Atty., and Charles R. Nesbitt, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Lehman Roy Miller was charged by information in the District Court of Oklahoma County with the crime of Murder. He was tried by a jury who found him guilty of the included offense of Manslaughter in the First Degree and assessed his punishment at 33 years imprisonment in the State Penitentiary. Judgment and sentence was pronounced in accordance with the verdict of the jury and an appeal was lodged in this Court on the 29th day of July, 1965. A Motion to Dismiss said Appeal was filed by the Attorney General on the 20th day of October, 1965.

While there is substantial merit to the Motion of the State to dismiss said appeal, we are constrained to consider the primary question raised on appeal upon its merits since the same matter could be raised in a subsequent application for habeas corpus. It is first contended that the defendant was denied his constitutional rights as guaranteed by the Fourteenth and Fifth Amendments of the Constitution of the United States in that he was tried upon a capital offense without having first been indicted by a grand jury. The defendant in the instant case was charged by preliminary complaint, bound over to the District Court and then proceeded against by information as authorized by the Constitution and Statutes of the State of Oklahoma. The question here presented was extensively dealt with in a well reasoned and considered opinion written by the Honorable Judge Thos. H. Doyle, In re McNaught, 1 Okl.Cr. 528, 99 P. 241. We are in accord

with the rationale of In re McNaught and are of the opinion that the defendant's first assignment of error is without merit.

■ The defendant's second assignment of error that the punishment imposed is excessive, is equally without merit since the evidence amply supports the verdict of the jury and the punishment imposed is well within the range prescribed by law. The defendant's final contention that since no member of his race served on the jury he was denied due process of law is also without merit, there being nothing in the record before this Court to indicate a systematic exclusion of the members of the defendant's race from the jury panel.

For all the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX and BRETT, JJ., concur.